IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT JEROME JONES                                                      PETITIONER

VS.                                                   CAUSE NO. 1:14-CR-78-MPM-DAS

UNITED STATES OF AMERICA                                                 RESPONDENT

**ORDER**

This cause comes before the court on Petitioner Robert Jerome Jones's pro se motion [2] to terminate probation. The court has reviewed the motion, along with the relevant law, and is now prepared to rule.

**Procedural History**

On March 10, 1989, the petitioner Robert Jerome Jones was sentenced on three counts: Murder II, Use and Carry of a Firearm in Relation to a Crime of Violence, and Perjury. The sentence, given by the Eastern District of Virginia, was for a total of 260 months imprisonment and 120 months supervised release. The petitioner released to the Northern District of Mississippi and began his term of supervised release on June 16, 2011, with his release scheduled to expire on June 15, 2021. Jones now petitions this court with his pro se Motion to Terminate Probation, to terminate the remaining time of his supervised release.

**Standard**

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release,

1

pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1).

The factors mentioned as relevant to modification are as follows:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. 3553(a)(1);

(2) "the need for the sentence imposed to afford adequate deterrence to criminal conduct," 18 U.S.C. 3553(a)(2)(B);

(3) "the need for the sentence imposed to protect the public from further crimes of the defendant," 18 U.S.C. 3553(a)(2)(C);

(4) "the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. 3553(a)(2)(D);

(5) "the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28)," 18 U.S.C. 3553(a)(4);

(6) "any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced." 18 U.S.C. 3553(a)(5);

(7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. 3553(a)(6); and,

(8) "the need to provide restitution to any victims of the offense," 18 U.S.C. 3553(a)(7).

## Discussion

With respect to the motion at hand, it is now the duty of the court to apply the facts and circumstances surrounding this petitioner and this particular cause of action to 18 U.S.C. 3583(e)(1) and the detailed elements of 18 U.S.C. 3553(a).

As to the nature and circumstances of the offense, the defendant was sentenced for Murder II, Use and Carry of a Firearm to a Crime of Violence, and Perjury. There is both a "need for the sentence imposed to afford adequate deterrence to criminal conduct," and a "need for the sentence

3

imposed to protect the public from further crimes of the defendant." 18 U.S.C. 3553(a)(2)(B), 18 U.S.C. 3553(a)(2)(C). Violent crimes such as these are ones which there is a strong interest in protecting the public and preserving the deterrence of further similar violent crimes. It is the opinion of this court that 18 U.S.C. 3553 exists as a standard, in part, for crimes such as these.

While incarcerated on the offenses listed above, the petitioner was also convicted of Assault Resulting in Physical Contact in the District of Colorado. Petitioner was given a sentence of 36 months incarceration to run consecutively with the above charges, and a three year term of supervised release, which has already expired. It is the opinion of this court that the petitioner has a history of violent offenses and that there is a need for the sentence of supervised release to be imposed as given by the Eastern District of Virginia. For this reason, the court finds that the petitioner's motion is not well-taken, and as such, the motion shall be DENIED.

The court hereby ORDERS that the Petitioner's motion [2] for early termination of supervised release is DENIED.

SO ORDERED, this the 18th day of June, 2018.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF MISSISSIPPI**